IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trex Company, Inc.

       Plaintiff,                     Case No.
                                     Hon.
v.                                     Mag.

Michigan's Best Deck Builders, LLC

       Defendant.

_____

| PLUNKETT COONEY | McNEES WALLACE & NURICK LLC |
|---|---|
| Matthew J. Boettcher (P40929) | Carol Steinour Young (*pro hac vice* to be filed) |
| Attorneys for Plaintiff | Lois B. Duquette (*pro hac vice* to be filed) |
| 38505 Woodward Ave., Suite 100 | Attorneys for Plaintiff |
| Bloomfield Hills, MI  48304 | 100 Pine Street |
| (248) 901-4035 | Harrisburg, Pennsylvania 17101 |
| (248) 901-4040 (Fax) | (717) 232-8000 Telephone |
| mboettcher@plunkettcooney.com | (717) 237-5300 (Fax) |
| | CSteinour@mcneeslaw.com |
| | LDuquette@mcneeslaw.com |

_____

**COMPLAINT AND JURY DEMAND**

Plaintiff Trex Company, Inc. ("Trex" or "Plaintiff"), by counsel, hereby files this Complaint and jury demand against Defendant Michigan's Best Deck Builders, LLC ("Defendant").  In support thereof, Trex states the following:

**NATURE AND BASIS OF THE ACTION**

1. This is an action for infringement of Trex's famous federally registered trademarks TREXPRO® and TREX® under Section 32(1) of the

Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related claims of infringement and unfair competition under the statues and common law of the State of Michigan, all arising from Defendant's unauthorized use of the trademarks TREX® and TREXPRO® in connection with the advertising, marketing, sale, and installation of decking and outdoor living space products.

2. Defendant is a former authorized installer of TREX® brand products under Trex's TREXPRO® program. The TREXPRO® program includes a searchable database on the Trex website for a homeowner to conduct a search of verified contractors in the geographic area who have completed installation and product training on all TREX® products, are experienced with the installation of TREX® products, and meet requirements established by Trex to use the TREXPRO® designation.

3. Plaintiff also offers incentives to customers to use TREXPRO® designated installers including various enhanced warranties (depending upon the level of TREXPRO® installer – Platinum, Gold, or standard) covering reasonable labor expenses in replacing any defective products.

4. On April 5, 2021, Trex removed Defendant from the TREXPRO® database. At that time, Defendant was no longer authorized by Trex to use the TREXPRO® designation.

5. On or about April 5, 2021, a representative of Defendant stated that it would continue to use the TREXPRO® logo and would install whatever decking products it wanted, namely the products of Plaintiff's competitors.

6. On or about April 6, 2021, Plaintiff sent Defendant a letter advising them that they are no longer an authorized installer of TREX® products and are no longer authorized to use the TREXPRO® designation.

7. Despite Plaintiff's letter, Defendant continues to use the TREX® and TREXPRO® marks without permission, providing the false impression that Plaintiff endorses Defendant's work and that Defendant installs and sells Plaintiff's products with enhanced warranties. Defendant's use of the TREX® and TREXPRO® marks is likely to cause confusion and to deceive consumers and the public and will continue to do so absent relief from this Court.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. § 1331 and 1338. This Court has supplemental jurisdiction over Trex's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367. This Court has personal jurisdiction over Defendant since, upon information and belief, Defendant is doing business in the State of Michigan and has sufficient minimum contacts with the State of Michigan

to satisfy the requirement of due process under the Constitution of the United States.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) since Defendant resides in the Eastern District of Michigan and is incorporated in the state of Michigan and a substantial part of the relevant events or omissions giving rise to the claim occurred in the Eastern District.

## PARTIES

10. Trex is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 160 Exeter Drive, Winchester, Virginia 22603.

11. On information and belief, Defendant is a corporation organized and existing under the laws of the State of Michigan, having a place of business at 552 Red Bank Drive, White Lake, Michigan 48386. Defendant does business in this district by marketing, selling, distributing, and installing decking and other materials for outdoor living spaces in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Trex and its TREX Marks**

12. Trex is in the business of, among other things, developing, manufacturing, selling, and distributing composite decking and related products. Trex has continuously used TREX® and TREXPRO® as trademarks and

4

tradenames in connection with composite decking products since 1994 and today is the leading brand for composite decking materials in the United States.

13. Trex is the owner of U.S. Trademark Registration No. 1881449 of the TREX® mark in Class 19 covering composite lumber consisting of encapsulated wood fiber in a polymer matrix. An affidavit has been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration of this mark is attached as **Exhibit 1**.

14. Trex is the owner of U.S. Trademark Registration No. 1938516 of the TREX® (Stylized) mark in Class 19 covering composite lumber consisting of encapsulated wood fiber in a polymer matrix. An affidavit has been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration of this mark is attached as **Exhibit 2**.

15. Trex is the owner of U.S. Trademark Registration No. 2907741 of the TREXPRO® mark in Class 35 covering business marketing services, namely, a referral service for contractors in the field of installing decking material, namely, composite lumber consisting of encapsulated wood fiber in a polymer matrix. An affidavit has been filed pursuant to Sections 8 and 15 of the Lanham Act, 15

U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration of this mark is attached as **Exhibit 3**.

16. Trex is the owner of U.S. Trademark Registration No. 2937507 of the TREX® mark Class 16 in connection with printed matter, namely brochures, pamphlets, and magazines in the field of composite building materials; in Class 35 covering providing online product, technical, and warranty information concerning composite building materials; providing on-line warranty registration services; and providing on-line directory information services of suppliers, dealers, and contractors featuring hyperlinks to other websites; and in Class 41 in connection with providing on-line brochures, pamphlets and magazines featuring information relating to composite building materials.  An affidavit has been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration of this mark is attached as **Exhibit 4**.

17. Trex is the owner of U.S. Trademark Registration No. 3862086 of the TREX® mark in Class 19 covering non-metal deck drainage systems comprising troughs and down spouts.  An affidavit has been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration of this mark is attached as **Exhibit 5**.

18. Trex is the owner of U.S. Trademark Registration No. 4077639 of the TREX® mark in Class 18 covering umbrella frames; umbrella bases; table umbrellas; umbrella covers; patio umbrellas. An affidavit has been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration of this mark is attached as **Exhibit 6**.

19. Trex is the owner of U.S. Trademark Registration No. 4004005 of the TREX® mark in in Class 11 covering outdoor lighting, namely, lights for decks, walkways, patios, landscapes, umbrellas, and decorative torches and lanterns; solar light fixtures, namely, outdoor solar powered lighting units and fixtures; outdoor gas lights; outdoor fireplaces; gas patio heaters; electric patio heaters; in Class 19 covering non-metal building materials, namely, fencing and gates, pillar posts, arbors, pergolas, gazebos, colonnades, lamp posts, mail box posts, shutters, siding, lattice panels, trellises and cupolas; non-metal storage sheds; paver tiles; and in Class 20 in connection with outdoor furniture; wood storage boxes; cushioned wood boxes for storage; non-metal and non-paper containers for storage or transport. An affidavit has been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration of this mark is attached as **Exhibit 7**.

20. Trex is the owner of U.S. Trademark Registration No. 4671390 of the TREX® mark in Class 06 covering aluminum railing systems comprised of aluminum rails, post, balusters, post skirts, post caps, brackets, and hardware; metal building materials, namely, metal joists, beams, posts and ledgers for supporting a ceiling, roof, floor or deck; metal staircases; in Class 07 covering blades for power saws; portable propane and electric heat bending machines for heating and bending composite decking, deck railing and deck trim comprised of wood fiber and polymer; and in Class 19 covering non-metal building material, namely, fascia; composite railing; composite building materials comprising wood fiber and polymer, namely, decking, railing and porch products. An Affidavit has been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration of this mark is attached as **Exhibit 8**.

21. Trex's registered trademarks described in paragraphs 11-18 are collectively referred to as the "TREX Marks."

22. As a result of its widespread, continuous, and exclusive use of the TREX Marks to identify composite decking products and other related products, and Trex as their source, Trex owns valid and subsisting federal statutory and common law rights to the TREX Marks.

23. Trex's TREX Marks are distinctive to both the consuming public and Trex's trade channels. Trex sells its composite decking materials through contractors, home improvement stores, and lumber dealers which promote and distribute Trex's goods to the consumers purchasing Trex's goods, i.e., individuals and businesses installing decks and other outdoor living spaces.

24. Trex has expended substantial time, money and resources marketing, advertising, and promoting to the public the goods sold under the TREX Marks, including through print, television, and online channels.

25. Trex has used the TREX Marks throughout the United States in interstate commerce for more than twenty (20) years and has achieved significant fame and public recognition covering high-quality decking materials. Because of its widespread use in the decking and outdoor living space industry, the TREX Marks have achieved significant power as a source identifier.

26. The TREX Marks became famous and distinctive long before Defendant's activities described herein, and the TREX Marks continue to serve as an indicator of the source of goods provided by, licensed by, or otherwise affiliated with Trex.

27. Trex also provides training, literature, videos, and demonstrations for installing its TREX® products. Trex works with installers and provides a valuable marketing tool through its TREXPRO® program which provides a referral service

for contractors in the field of installing decking material, namely, composite lumber consisting of encapsulated wood fiber in a polymer matrix.  The installers listed in TREXPRO® program are installers authorized by Trex to use the TREXPRO® designation, have met Trex's established thresholds and offer customers a level of comfort in knowing that the installers listed have significant experience and knowledge in working with TREX® products and offer quality TREX® products in their projects.

28.     Trex offers enhanced warranties for customers who use TREXPRO® installers covering reasonable labor expenses in replacing any defective products.

**B.     Defendant and its Unlawful Activity**

29.     On information and belief, Defendant is in the business of designing, building, and installing decks, outdoor living spaces, screened rooms, and sunrooms and finishing basements.

30.     As part of its promotion of its services on its website, Defendant uses the TREXPRO® mark.  Attached hereto as **Exhibit 9** is a true and correct screenshot from Defendant's website located at www.michigansbestdeckbuilders.com showing Defendant's use of the TREXPRO® mark in the bottom left-hand corner.

31.     In addition, Defendant also claims to have "Trex's platinum seal of approval for installations" and claims that they "are certified as platinum installers

for all of Trex's products and lines." Attached hereto as **Exhibit 10** are true and correct screenshots from Defendant's website showing Defendant's claim that Trex approves of its installation services.

32. Defendant's use of the TREX Marks gives the false impression that customers are entitled to enhanced warranties for using Defendant's services. Defendant's use of the TREX Marks create a false impression to consumers that there is an association between Plaintiff and Defendant when there is not.

33. On information and belief, Defendant uses the TREX Marks on its work vehicles.

34. On information and belief, Defendant uses the TREX Marks on apparel promoting its business such as shirts.

35. On information and belief, Defendant uses the TREX Marks in advertisements for its goods and services.

36. On information and belief, Defendant uses the TREX Marks on business cards.

37. On or about April 5, 2021, a representative of Defendant stated that it would continue to use the TREXPRO® logo and selling whatever decking products that it wanted, namely the products of Plaintiff's competitors.

38. On April 6, 2021, Plaintiff sent Defendant's Chief Executive Officer a letter seeking that Defendant cease and desist using the TREX Marks on its website.

39. Defendant has failed to remove these instances of TREX Marks on its website providing the false impression that Plaintiff endorses or is affiliated with Defendant, which is likely to cause consumer confusion.

40. As a result of Defendant's failure to act, Defendant is willfully and intentionally causing consumer confusion with full knowledge of the right of Plaintiff to the TREX Marks.

41. Defendant is trying to piggyback off the goodwill and exceptional reputation and significant marketing efforts of Plaintiff to gain customers and attract additional business.

42. Defendant's use of the TREX Marks without permission is likely to deceive, confuse and mislead prospective purchasers and purchasers into believing that Defendant's services are authorized by, or are in some manner associated with, Trex and that the goods sold by Defendant are manufactured by, authorized by, or are in some manner associated with, Trex. The likelihood of confusion, mistake and deception engendered by Defendant's use of the TREX Marks is causing, and is likely to continue causing, irreparable harm to Trex. Purchasers and prospective purchasers viewing Defendant's use of the TREX Marks in connection with

Defendant's services and goods and perceiving a defect, lack of quality or any impropriety are likely to mistakenly attribute them to Trex. The likelihood of confusion, mistake and deception engendered by Defendant's use of the TREX Marks is causing, and is likely to continue causing, irreparable harm to Trex.

43. Defendant's use of the TREX Marks in connection with Defendant's advertising of goods and services related to outdoor living spaces is deliberately calculated to trade on the valuable goodwill and commercial recognition of the TREX Marks and Trex's reputation and identity.

44. Defendant has long been aware of the fame of the TREX Marks and is willfully and intentionally using the TREX Marks to cause confusion among consumers and retailers and to trade upon the commercial recognition and good will of the TREX Marks.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

45. Paragraphs 1 through 44 are hereby incorporated by reference as if set forth in full.

46. Defendant's use in commerce of the TREX Marks without authorization is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services for outdoor living spaces and is likely to cause members of the trade and public to believe, contrary to fact, that Defendant's goods and services for outdoor living spaces are sold, authorized,

endorsed, or sponsored by Trex, or that Defendant is in some way affiliated with or sponsored by Trex. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47. Defendant had both actual and constructive knowledge of Trex's ownership and rights in its federally registered marks before Defendant's use of the TREX Marks.

48. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Trex's prior rights in the TREX Marks and with knowing, deliberate and willful intent to cause confusion, mistake and/or deception and trade on Trex's goodwill.

49. Defendant's conduct is causing immediate and irreparable harm and injury to Trex, and to its goodwill and reputation, and will continue to both damage Trex and confuse the trade and public unless enjoined by this Court.

50. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Trex, including the continuing loss of the goodwill and reputation established by Trex in the TREX Marks and Trex is entitled to injunctive relief, its actual damages, an accounting of Defendant's profits, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT II
## FEDERAL UNFAIR COMPETITION

51. Paragraphs 1 through 50 are hereby incorporated by reference as if set forth in full.

52. Defendant's unauthorized use in commerce of the TREX Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are authorized, endorsed, or sponsored by Trex, that Defendant's customers receive enhanced warranties from Plaintiff for the use of TREX® products in the customer's projects because Defendant claims to be a TREXPRO® installer when it is not, or that Defendant is in some way affiliated with or sponsored by Trex.

53. Defendant's use of the TREX Marks without authorization as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

54. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Trex.

55. Defendant's unauthorized conduct has deprived and will continue to deprive Trex of the ability to control consumer perception of its products offered under the TREX Marks, placing Trex's reputation and goodwill at risk.

15

56. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Defendant's activities have caused, and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and additionally, injury to Trex's goodwill and reputation as symbolized by the TREX Marks to Trex's great and irreparable injury.

58. Defendant's conduct is causing irreparable harm and injury to Trex, and to its goodwill and reputation, and will continue to both damage Trex and confuse the public unless enjoined by this Court.

59. Trex is entitled to injunctive relief, its actual damages, an accounting of Defendant's profits, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT III
## TRADEMARK INFRINGEMENT
## M.C.L. §§ 445.901 *et seq.*

60. Paragraphs 1 through 59 are hereby incorporated by reference as if set forth in full.

61. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services is a form of unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce under Michigan Comp. Laws §445.903(a).

62. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have is a form of unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce under Michigan Comp. Laws §445.903(c).

63. Defendant violated each of these provisions by its unauthorized use and misrepresentation of the TREX Marks in connection with its services and marketing of such services.

64. The aforementioned violations committed by Defendant also entitle Trex to reasonable attorney fees and court costs against Defendant pursuant to Michigan Comp. Laws §445.911(2).

## COUNT IV
## COMMON LAW AND STATE UNFAIR COMPETITION

65. Paragraphs 1 through 64 are hereby incorporated by reference as if set forth in full.

66. Defendant's conduct constitutes common law unfair competition and has created and will continue to create a likelihood of confusion to Trex's irreparable injury unless restrained by this Court. Trex has no adequate remedy at law for this injury.

67. On information and belief, Defendant's conduct demonstrates a bad faith, intentional, and willful intent to mislead, deceive, and confuse the public.

68. Such conduct is in violation of the common law prohibition against unfair competition, constitutes unfair competition under federal and Michigan common law. Trex is therefore entitled to injunctive relief, to an award of its actual damages, and to an accounting of any profits enjoyed by Defendant as a result of its unlawful conduct.

## REQUESTED RELIEF

Trex therefore prays:

1. That Defendant and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined preliminarily and permanently, from:

    a. using the TREX Marks or any other copy, reproduction, colorable imitation, or simulation of the TREX Marks, on or in connection with Defendant's services;

    b. using the TREX Marks or any copy, reproduction, colorable imitation, or simulation of the TREX Marks, in connection with the sale of goods not manufactured or licensed by Trex;

      c.    using any false descriptions or representations or any false designation or origin or from otherwise committing any acts of unfair competition with respect to Trex and its TREX Marks, by using the TREX Marks or any tradename or trademark confusingly similar to the TREX Marks;

    2.    That Defendant be ordered to destroy all goods, signs, labels, brochures, advertising, web sites, promotional materials bearing the TREX Marks, or any other mark confusingly similar to the TREX Marks, in Defendant's possession or subject to Defendant's control or direction or remove the TREX Marks or tradename therefrom;

    3.    That Trex recover its actual damages caused by Defendant's conduct, and that such award be trebled;

    4.    That Defendant be compelled to account to Trex for any and all profits derived by Defendant under 15 U.S.C. § 1117(a) and the common law, and that such an award of profits be trebled;

    5.    That Defendant be required to pay Trex the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

    6.    That Defendant be required to pay Trex all profits derived from and/or all damages suffered by Trex as a result of Defendant's violations under Michigan Comp. Laws §445.901 *et seq.*, and award reasonable attorneys' fees to Trex pursuant to Michigan Comp. Laws §445.911(2);

7. That this case be tried before a jury; and

8. That Trex be awarded such other and further relief as the Court may deem just.

## JURY DEMAND

Trex demand a trial by jury as to all issues and matters that are triable to a jury.

                PLUNKETT COONEY

                By: /s/ Matthew J. Boettcher (P40929)
                   PLUNKETT COONEY
                   Attorneys for Plaintiff
                   38505 Woodward Ave., Suite 100
                   Bloomfield Hills, MI  48304
                   (248) 901-4035
                   (248) 901-4040 (Fax)
                   mboettcher@plunkettcooney.com

DATED:  May 26, 2021